IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**HENRY LEE WILLIAMS AND ASULU FUGA WILLIAMS,**

      **Plaintiffs,**

      v.

**HSBC BANK USA, N.A., ET AL.,**

      **Defendants.**

**Case No. 15-9372-JAR-JPO**

## MEMORANDUM AND ORDER

Plaintiffs Henry Lee Williams and Asulu Fuga filed this *pro se* action seeking relief from nine defendants regarding a foreclosure of their home. On May 25, 2016, Magistrate Judge O'Hara issued an Order to Show Cause, directing Plaintiffs to show cause in writing on or before April 8, 2016, why this case should not be dismissed with prejudice as to Defendants Irene M. Dorner, Salvatore Alfieri, and John Coulman, and without prejudice as to Defendants Gregory Zeeman and John T. McGinnis, for lack of prosecution under Fed. R. Civ. P. 41(b).

Plaintiffs responded to the Order to Show Cause and filed a Notice and Request for entry of default as to each of the three defendants where summons had been returned executed and no responsive pleading had been filed—Dorner, Alfieri, and Coulman.[1] Based on this response, the Court directed the Clerk to enter default under Fed. R. Civ. P. 50(a) as to these three defendants. Before the Court is Defendant HSBC Bank USA, N.A.'s Motion to Set Aside Clerk's Entry of Default (Doc. 34), as to Defendants Dorner, Alfieri, and Coulman. This motion is fully briefed

---

[1] Docs. 27–29. Plaintiffs voluntarily dismissed Defendants Zeeman and McGinnis.

and the Court is prepared to rule.[2] As described below, the motion to set aside clerk's entry of default is granted because Plaintiffs failed to perfect service upon the defaulting defendants.

The Court agrees with HSBC that it has standing to contest the entry of default as to these Defendants because it could be adversely impacted by any future judgment against them.[3] Under Rule 55(c), the Court may set aside a clerk's entry of default if good cause is shown. When making this determination, the Court must consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[4] The Court need not consider all of these factors, but is mindful that "willful failure alone may constitute sufficient cause for the court to deny the motion."[5] The standard is "fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'"[6]

HSBC demonstrates in its motion and accompanying exhibits that the proofs of service filed by Plaintiffs as to Defendants Dorner, Alfieri, and Coulman contain errors that render service defective. First, it appears that Plaintiff Fuga Williams attempted to serve these Defendants, and signed the returns.[7] Fed. R. Civ. P. 4(c)(2) prohibits a party from serving the summons and complaint. Second, Dorner, Alfieri, and Coulman were not employees of HSBC at

---

[2] Plaintiff responded to the motion and HSBC filed its reply. Plaintiff then filed a surreply to the motion without leave of court. Doc. 45. The rules do not provide for briefing beyond the reply brief without prior leave of court. Plaintiff did not comply with the Court's Local Rule 15.1 that applies when a party seeks leave to file a document that is not permitted under the rules as a matter of course—the proposed document must be attached to a motion for leave in order to allow the Court to determine whether leave should be granted. Nonetheless, the Court has duly considered Plaintiff's surreply brief in granting the motion to set aside default.

[3] *See, e.g.*, *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985); *see Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

[4] *See, e.g.*, *Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005).

[5] *Id.*

[6] *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[7] Docs. 7, 10–11.

the time they were allegedly served by certified mail at HSBC's business address.[8]  Even assuming that service by certified mail was permissible, neither Kansas nor Florida nor New York law permits service by certified mail upon an individual's business address, much less their former business address, at least not until service at their dwelling or usual place of abode was refused or unclaimed.[9]

Given that service upon these Defendants was defective, the Court cannot find that they willfully defaulted.  Moreover, given that a motion to dismiss is pending and no deadlines have been set, the Plaintiffs are not prejudiced by the Court setting aside default.  Finally, HSBC has demonstrated that these Defendants may have meritorious defenses.  "Defendant does not need to demonstrate a likelihood of success on the merits. Rather, defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."[10]  Given that the defenses asserted in the pending motion to dismiss would pertain equally to these Defendants, the Court finds that they have demonstrated a meritorious defense.

For all of these reasons, the Court finds good cause to set aside the clerk's entries of default as to Defendants Dorner, Alfieri, and Coulman.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant HSBC Bank USA, N.A.'s Motion to Set Aside Clerk's Entry of Default (Doc. 34) is **granted**.

**IT IS SO ORDERED.**

Dated: June 2, 2016

             S/ Julie A. Robinson
             JULIE A. ROBINSON
             UNITED STATES DISTRICT JUDGE

---

[8] Doc. 35-1, Benalcazar Decl. ¶¶ 6–12.

[9] K.S.A. §§ 60-304(a); -303(c); CPLR § 308; Fla. R. Civ. P. 1.070.  Florida allows service by certified mail by consent only.  Fla. R. Civ. P. 1.070(i).

[10] *Crutcher*, 205 F.R.D. at 585.