IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HENRY LEE WILLIAMS AND ASULU FUGA WILLIAMS,**<br><br>            **Plaintiffs,**<br><br>    v.<br><br>**HSBC BANK USA, N.A., ET AL.,**<br><br>            **Defendants.** | **Case No. 15-9372-JAR-JPO** |

## MEMORANDUM AND ORDER

Plaintiffs Henry Lee Williams and Asulu Fuga filed this *pro se* action seeking relief from nine defendants regarding a foreclosure of their home: the mortgagor, HSBC Bank USA, N.A., as well as several HSBC executives and mortgage officers.  Plaintiffs have voluntarily dismissed Defendants Gregory Zeeman and John T. McGinnis.  The following motions are pending before the Court: Defendants' Motion to Dismiss Plaintiffs' Complaint, or in the Alternative for More Definite Statement (Doc. 16); Plaintiffs' Motions for Extension of Time to View and Respond to the motions to dismiss (Docs. 20, 22); and Defendants' Motion to Strike Surreply (Doc. 38).  These motions are fully briefed and the Court is prepared to rule.  As described more fully below, the Court grants Plaintiffs' motions for extension of time to respond, denies Defendants' motion to strike, and grants Defendants' motion to dismiss.

**I.    Standards**

Defendants move for dismissal for lack of subject matter jurisdiction, and for failure to state a claim upon which relief may be granted.  The Court evaluates the jurisdictional motion under Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction and, as such,

must have a statutory or constitutional basis to exercise jurisdiction.[1] A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[2] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[3] Mere conclusory allegations of jurisdiction are not enough.[4] A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[5]

To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[6] To state a claim for relief under Rule 12(b)(6), "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[7] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[8] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[9] Finally, the Court must accept the

---

[1] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[2] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[3] *Montoya*, 296 F.3d at 955.

[4] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[5] *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[7] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[10]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[11] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[12] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

If the Court on a Rule 12(b)(6) motion looks to matters that were not attached to the complaint or incorporated into the complaint by reference, it generally must convert the motion to a Rule 56 motion for summary judgment.[15] However, the court may consider documents which are referred to in the complaint if they are central to the plaintiff's claim and the parties do not dispute their authenticity.[16] The Court may also take judicial notice of certain facts without converting a motion to dismiss into one for summary judgment.[17] Under Fed. R. Evid. 201, the

---

[10]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[11]*Id.*

[12]*Id.* at 679

[13]*Id.*

[14]*Id.* at 678.

[15]Fed. R. Civ. P. 12(d); *GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384–85 (10th Cir. 1997).

[16]*See Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007); *GFF Corp.*, 130 F.3d at 1384–85.

[17]*See, e.g.*, *Tal v. Hogan*, 453 1244, 1265 n.24 (10th Cir. 2006); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004).

Court may take judicial notice at any time of the proceeding of a fact "that is not subject to reasonable dispute because it[] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[18]  Judicially noticed documents "may only be considered to show their contents, not to prove the truth of matters asserted therein."[19]  Judicial notice is mandatory when requested by a party and the Court is provided the necessary information.[20]  Because their accuracy cannot reasonably be questioned, the Court takes judicial notice of the documents submitted by Defendant HSBC from the state court foreclosure action.[21]

**II.   Background**

The following facts are construed in the light most favorable to Plaintiffs.[22]  On May 22, 2004, Plaintiffs obtained a One Hundred Twenty-Six Thousand Dollar ($126,000.00) loan from Ameriquest Mortgage Company ("Ameriquest") by signing a promissory note made payable to Ameriquest ( "Note").  Plaintiffs secured repayment of the Note by signing a mortgage ("Mortgage") encumbering property located at 768 Cheyenne St., Leavenworth, Kansas 66048 (the "Property"). Through an assignment, HSBC became the holder of the Note and Mortgage.

On March 25, 2013, HSBC filed a foreclosure action against Plaintiffs in the District Court of Leavenworth County, Kansas due to Plaintiffs' failure to comply with the terms and

---

[18] Fed. R. Evid. 201(b)(2).

[19] *Tal*, 453 F.3d at 1264 n.24 (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

[20] Fed. R. Evid. 201(c).

[21] Doc. 17, Ex. 1.

[22] As *pro se* litigants, Plaintiffs' pleadings are entitled to a liberal construction. *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009).  This means that "if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Barnet v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). At the same time, the Court may not assume the role of advocate for a *pro se* litigant. *Id.*

conditions of the Note and Mortgage (the "Foreclosure Action").  On April 29, 2013, Plaintiffs filed an Answer and Compulsory Cross Complaint, denying all allegations in HSBC's petition and further alleging that HSBC instituted a wrongful foreclosure because HSBC did not have standing to bring its claims as it was not the holder of the Note.  On July 25, 2013, the District Court of Leavenworth County entered a Journal Entry striking Plaintiffs' Compulsory Cross Complaint.

On December 18, 2013, HSBC moved for summary judgment based on the material, uncontroverted facts that it was the holder of the Note and Plaintiffs were in default.  On January 22, 2014, the District Court of Leavenworth County entered a Journal Entry of Judgment granting HSBC's summary judgment motion after Plaintiffs failed to file an opposition brief, and the Court further ordered that the foreclosure could proceed.  On February 18, 2014, the District Court of Leavenworth County ordered the sale of the Property pursuant to K.S.A. § 60-2410(a).

After the state court action concluded, Plaintiffs filed this action alleging wrongful foreclosure.  In their Amended Complaint, Plaintiffs allege the following: (1) violation of the Freedom of Information Act; (2) failure to prove standing; (3) failure to bring forth the promissory note; (4) failure to recognize land patent; (5) failure to recognize letter of cease and desist; (6) violation of the Universal Declaration of Human Rights; and (7) violation of the Homestead Act.  As part of the relief sought, Plaintiffs ask that their home be returned to them. Defendants move to dismiss, arguing that Plaintiffs seek to inappropriately relitigate claims that were disposed of in the prior state court action, and that Plaintiffs fail to allege plausible facts giving rise to a separate claim for relief in this case.

### III.     Discussion

#### A.     *Rooker-Feldman* Doctrine

First, Defendants argue that this Court lacks jurisdiction under the *Rooker-Feldman* doctrine because Plaintiffs are attempting to obtain federal court review of the state court foreclosure action.  The *Rooker-Feldman* doctrine "prevents federal courts from assuming jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"[23]  The Supreme Court has explained that the doctrine only applies in "limited circumstances," "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court."[24]  "Consequently, a complaint filed in a federal district court that seeks review and reversal of a state-court judgment is properly dismissed under *Rooker-Feldman*."[25]  The doctrine deprives lower federal courts of jurisdiction to hear "claims that are either (1) actually decided by a state court, or (2) 'inextricably intertwined' with a prior state court judgment."[26]  To determine whether a claim is "inextricably intertwined," the court asks "whether the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress*,' paying close attention to the *relief* sought in the federal suit" to determine whether it would "undo" the relief granted by the state court.[27]  The court must ask "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment."[28]

---

[23]*Lambeth v. Miller*, 363 F. App'x 565, 567 (10th Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[24]*Lance v. Dennis*, 546 U.S. 459, 466 (2006); *see Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 789 (10th Cir. 2008).

[25]*Erlandson*, 528 F.3d at 789.

[26]*Dickerson v. Bates*, 104 F. App'x 699, 700 (10th Cir. 2004) (citations omitted).

[27]*Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (quoting *Kenmen Eng'g v. City of*

The Court agrees that Plaintiff's Amended Complaint collaterally attacks the state court judgment that Plaintiffs were properly served with process, that the state court had jurisdiction over the matter, that HSBC is the holder of the promissory note, and that HSBC was entitled to the relief sought in the foreclosure action.  The Court agrees that Plaintiffs effectively seek to appeal that order in filing this case and seeking return of their home.  Under the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to revisit the state court's findings.

### B.   Claim and Issue Preclusion

Defendants also seek dismissal because the state court decision bars relitigation of the claims and issues raised by Plaintiffs in this case.  Res judicata is an affirmative defense on which Defendant has the burden of proof.[29]  For the doctrine to apply, four elements must exist: (1) a judgment on the merits in the earlier action; (2) identity of the parties or privies in the two suits; (3) identity of the cause of action in both suits; and (4) a full and fair opportunity for plaintiff to litigate the claim in the first suit.[30]  "Issue preclusion may be invoked in Kansas courts when the following is shown: (1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment; (2) the parties are the same or in privity, and (3) the issue litigated must have been determined and necessary to support the judgment."[31]

---

*Union*, 314 F.3d 468, 473 (10th Cir. 2002), *overruled on other grounds by Exxon Mobil Corp.*, 544 U.S. at 291–92).

[28]*Missouri ex rel. Nixon v. Audley (In re Audley)*, 275 B.R. 383, 389 (10th Cir. BAP 2002) (quoting *Collins v. Kansas*, 174 F. Supp. 2d 1195, 1198 (D. Kan. 2001)).

[29]*See* Fed. R. Civ. P. 8(c); *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

[30]*Nwosun*, 124 F.3d at 1257.

[31]*Umholtz v. Kan. Dep't of Soc. & Rehab. Servs.*, 926 F. Supp. 2d 1222, 1232 (D. Kan. 2013).

Claim preclusion prevents parties or their privies from relitigating a cause of action that has been finally adjudicated by a court of competent jurisdiction.[32]  It applies to claims that should have been litigated in the first action but were not.[33]  By contrast, issue preclusion, or collateral estoppel, prevents relitigation of an issue by a party against whom the issue has been conclusively determined in a prior action.[34]  Issue preclusion also bars issues that should have been litigated in the first action but were not.[35]

The Court agrees that to the extent Plaintiff's claims in this case are not barred under the *Rooker-Feldman* doctrine, they are barred by claim and issue preclusion.  Plaintiffs had a full and fair opportunity to litigate the state court action.  They attempted to file a cross-claim, and their Answer contained many of the same arguments raised in this case.  However, they failed to respond to the summary judgment motion, or to the notices of the Court's order granting judgment before the order of sale issued.  The state court entered final judgment, adjudicating the issues raised in this case.  Therefore, Plaintiffs' claims are precluded.

### C.    Failure to State a Claim

Finally, the Court finds that Plaintiffs cannot allege plausible claims for relief under the federal and international laws referenced in the Complaint.  First, the FOIA claim is not plausible because private corporations and individuals are not subject to the Act.[36]  The UDHR likewise does not apply to the facts alleged in Plaintiffs' Amended Complaint because the UDHR is not a

---

[32] *Id.* (citations omitted).

[33] *Id.* (citations omitted).

[34] *Id.* (citations omitted).

[35] *Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992).

[36] *See*  5 U.S.C. § 552.

binding law, but a statement of principles that provides no private right of action.[37]  Plaintiffs allege a violation of the Homestead Act "12 Stat. 392, 1862 & 43 U.S.C. 57, 59, and 83."  These provisions discuss public land records; they provide no private right of action.

For all of these reasons, the Court finds that Plaintiffs' Amended Complaint must be dismissed in its entirety.  "[A] *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect."[38]  Leave need not be granted if amendment would be futile.[39]  Based on the foregoing discussion, any possible amendment would be futile.  Therefore, the Court will not grant leave to amend in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 16) is **granted**; Defendants' alternative motion for definite statement is **moot**; Plaintiffs' Motions for Extension of Time to View and Respond to the motions to dismiss (Docs. 20, 22) are **granted**; and Defendants' Motion to Strike Sur-reply (Doc. 38) is **denied**.

**IT IS SO ORDERED.**

Dated: June 2, 2016

                                             S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE

---

[37] *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004); *Kanno v. Doe*, No. 10-CV-0762, 2010 WL 5067618, at *1 n.3 (N.D. Okla. Dec. 7, 2010).

[38] *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[39] *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010); *Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1389 (10th Cir.1980) ("Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.").