IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HENRY LEE WILLIAMS AND ASULU FUGA WILLIAMS,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**HSBC BANK USA, N.A., ET AL.,**<br><br>**Defendant.** | **Case No. 15-9372-JAR-JPO** |

## MEMORANDUM AND ORDER

Plaintiffs Henry Lee Williams and Asulu Fuga filed this *pro se* action seeking relief from nine defendants regarding a foreclosure of their home: the mortgagor, HSBC Bank USA, N.A., as well as several HSBC executives and mortgage officers. Plaintiffs voluntarily dismissed Defendants Gregory Zeeman and John T. McGinnis. In a June 2, 2016 Memorandum and Order, the Court dismissed this case for lack of jurisdiction under the *Rooker-Feldman* doctrine, and because claim and issue preclusion barred this Court from relitigating issues and claims already adjudicated in a state court action. The Court further found that to the extent Plaintiffs attempted to assert certain other claims that were not captured by these defenses, Plaintiffs failed to allege a plausible claim for relief under Fed. R. Civ. P. 12(b)(6). Before the Court is Plaintiffs' Motion for Reconsideration (Doc. 50), filed on June 21, 2016. The motion is fully briefed, and as further explained below, the Court denies the motion.

Under D. Kan. Rule 7.3(a), a party seeking reconsideration of a dispositive order must file a motion under either Fed. R. Civ. P. 59(e), or 60. This motion was filed within 28 days of

1

the Order, so the Court will construe it as a motion to alter or amend under Rule 59(e).[1] Under Rule 59(e), grounds warranting a motion to reconsider include: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[3] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[4] A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[5] Whether to grant a motion to reconsider is left to the Court's discretion.[6]

Plaintiffs argue that the Court's June 21 Memorandum and Order should be set aside because of "Fraud Denying Rights under the Color of Law" and "Constitution Violation of the Updated Land Patent."[7] Plaintiffs submit affidavits and other documents in support their motion. The Court has reviewed Plaintiffs' filings and finds no grounds that warrant reconsideration of the dismissal Order. There has been no change in controlling law, and there is no new evidence presented that pertains to the claims alleged in the Complaint. Plaintiffs continue to assert fraud

---

[1] *See, e.g.*, *Manco v. Werholtz*, 528 F.3d 760, 761 (10th Cir. 2008); *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995).

[2] *Servants of Paracelete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[3] *Id.*

[4] *Steele v. Young,* 11 F.3d 1518, 1520 n.1 (10th Cir.1993); *see also* Charles Alan Wright, et al., Federal Practice & Procedure: Civil 2d § 2810.1 ("The Rule 59(e) motion may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

[5] *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059-KHV, 2013 WL 139750, at *1–2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[6] *Coffeyville Res. Refining & Mktg., LLC v. Liberty Surplus Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

[7] Doc. 50 at 1.

and other wrongful conduct by HSBC and the officers that handled their mortgage foreclosure. But as the Court previously explained, it may not act as an appellate court to review the state court's decisions on those issues, which had previously issued foreclosure, and struck Plaintiffs' claims that HSBC had instituted a wrongful foreclosure.

In their reply brief, Plaintiffs argue that Defendants withheld evidence that their debt had been discharged, and allege that Defendants committed fraud upon the Court. Plaintiffs also attempt to allege a constitutional claim under 42 U.S.C. § 1983. These are all new theories and facts that could have been alleged earlier; these are not grounds for reconsideration. To the extent Plaintiffs seek leave to amend, the Court cannot consider such a motion because a plaintiff may not amend the complaint after judgment unless the judgment has been vacated.[8] As already discussed, Plaintiffs have made no valid showing that the judgment in this case should be vacated.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Reconsideration (Doc. 50) is **denied**.

**IT IS SO ORDERED.**

Dated: July 29, 2016

                                                    S/ Julie A. Robinson
                                                    JULIE A. ROBINSON
                                                    UNITED STATES DISTRICT JUDGE

---

[8] *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087–88 (10th Cir. 2005).