IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HENRY LEE WILLIAMS and ASULU FUGA WILLIAMS,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**HSBC BANK USA, N.A., et al,**<br><br>      **Defendants.** | **Case No. 15-9372-JAR-JPO** |

## ORDER

Plaintiffs Henry Lee Williams and Asulu Fuga filed this *pro se* action seeking relief from nine defendants regarding a foreclosure of their home: the mortgagor, HSBC Bank USA, N.A., as well as several HSBC executives and mortgage officers. Plaintiffs voluntarily dismissed Defendants Gregory Zeeman and John T. McGinnis. In a June 2, 2016 Memorandum and Order, the Court dismissed this case for lack of jurisdiction under the *Rooker-Feldman* doctrine, and because claim and issue preclusion barred this Court from relitigating issues and claims already adjudicated in a state court action. The Court further found that to the extent Plaintiffs attempted to assert certain other claims that were not captured by these defenses, Plaintiffs failed to allege a plausible claim for relief under Fed. R. Civ. P. 12(b)(6). The Court denied Plaintiffs' motion for reconsideration under Fed. R. Civ. P. 59(e) on July 29, 2016, and on August 23, 2016, Plaintiffs filed a notice of appeal.[1]

The appeal is currently pending. Now before the Court is Plaintiffs' Emergency Motion to Vacate Final Judgment and to Vacate Sheriff Sale Based Upon Fraud on the Court and Fraud upon the Court and No Constitutional Authority Rule 60 (b3), (b4), and (b6) and (d3) (Doc. 63).

---

[1] Doc. 57.

The motion has been fully briefed.  This Court must dismiss Plaintiffs' motion for lack of jurisdiction.  Plaintiffs have already filed a notice of appeal, which "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[2]  In their emergency motion, Plaintiffs seek the same relief sought in the underlying matter, which they are now litigating before the Tenth Circuit—whether the state court foreclosure action was lawful and whether this Court had jurisdiction to consider the merits of the foreclosure action.  There are no exceptions to the jurisdictional bar that would allow this Court to reconsider its prior judgment.[3]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Emergency Motion to Vacate Final Judgment and to Vacate Sheriff Sale Based Upon Fraud on the Court and Fraud upon the Court and No Constitutional Authority Rule 60 (b3), (b4), and (b6) and (d3) (Doc. 63) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED.**

Dated: December 6, 2016

          S/ Julie A. Robinson
          JULIE A. ROBINSON
          UNITED STATES DISTRICT JUDGE

---

[2] *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011).
[3] *See id.*